*Aaron Cancel v. Kenneth P. Thompson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> > *Circuit Judges*.

———————————————————————————

AARON CANCEL,

> *Petitioner-Appellant*,

> v.

> KENNETH P. THOMPSON, KINGS COUNTY
> DISTRICT ATTORNEY; SUPERINTENDENT
> PATRICK GRIFFIN,

> *Respondents-Appellees*.

No. 14-383-pr

———————————————————————————

| | |
|---|---|
| For Petitioner-Appellant: | IRMA B. ASCHER, New York, New York. |
| For Respondents-Appellees: | SHOLOM J. TWERSKY, Assistant District Attorney (Leonard Joblove, Anthea H. Bruffee, Assistant District Attorneys, *on the brief*), *for* Kenneth P. |

Thompson, District Attorney, Kings County,
Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Aaron Cancel appeals from a judgment entered on January 6, 2014 by the United States District Court for the Eastern District of New York (Korman, *J.*), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Specifically, he argues that his Sixth Amendment right to a jury trial was violated in his state court criminal trial because one of the twelve jurors was allegedly "'incapable of remembering or understanding the facts'" and "'not able to . . . articulate his thoughts.'" Pet'r App. 24 (quoting Ct. Ex. IX). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review de novo a district court's decision to grant or deny a habeas petition." *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). Under 28 U.S.C. § 2254(d), a habeas petitioner in state custody is entitled to relief on a claim that was adjudicated on the merits by a state court only if the state court's decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Furthermore, under 28 U.S.C. § 2254(e)(1), state court factual findings are "presumed to be correct" and can be rebutted by the petitioner only "by clear and convincing evidence." These standards are "difficult to meet." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

In this case, the state trial court determined that the juror at issue was capable of deliberating after the court questioned the foreperson of the jury about the challenged juror's behavior. This conclusion was affirmed on direct appeal. Based on the record before us, we cannot find that the state courts reached a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," nor do we find that Cancel has rebutted the state court's factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(d)(2), (e)(1). Furthermore, Cancel does not cite any clearly established federal law as determined by the U.S. Supreme Court that would have required the trial court to conduct any further factfinding about the challenged juror's competence. Because the state courts made the reasonable determination that the juror at issue was competent and capable of deliberating and because the juror then participated in rendering a unanimous verdict, Cancel fails to demonstrate that he suffered a constitutional violation sufficient to warrant relief under § 2254.

We have considered all of Cancel's arguments and find them to be without merit. For the reasons stated herein, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3